THE STATE OF MISSOURI, Plaintiff in Error, *v.* JOSEPH C. KILLIAN, Defendant in Error.

1. *Escheats, statute of — Alien enemy, etc.* — In an action under the statute of escheats (Wagn. Stat. 584) to have certain land declared the property of the State, where the petition avers that the last lawful owner became such in 1825 (see Rev. Laws of 1825, p. 35), and was, at the time of his death, an alien enemy, but contains no allegation that he had not declared his intention to become a citizen when he became the owner, and fails to aver that he had not devised the land at the time of his death—in such case the petition is bad for want of statement of a sufficient cause of action.

*Error to Perry Circuit Court.*

*B. B. Cahoon*, for plaintiff in error.

The information stated facts sufficient to show to the court that the lot had escheated to the State (Wagn. Stat. 584, § 1; *id.* 586, § 10), and upon the death of Bartholomew Murphy the title to the lot vested in the State. (Farrar v. Dean, 24 Mo. 16.)

*Robinson & Clardy*, with *J. C. Killian, in pro. per.*, for defendant in error.

It is true that the title to land vests in the State by escheat upon the death of the person last lawfully seized, upon the contingency mentioned in the statute (Wagn. Stat. 585, § I), without inquisition of office found. (Farrar v. Dean, 24 Mo. 16.) But when the State seeks to gain the possession of the property by information, it must aver and prove affirmatively the existence of each of the several conditions or material facts upon which the vestiture of title depends, to-wit: 1, that the person last lawfully seized died without devising the same ; 2, that he died, leaving no heirs or representatives capable of inheriting the same ; 3, or that the devisees thereof were incapable of holding the same ; 4, that there is no owner of the real estate capable of holding the same ; 5, that the same has not been sold according to law, within five years after the death of the person last lawfully seized, in payment of debts. (Wagn. Stat. 584, § 1 ; *id.* 586, § 10.)

ADAMS, Judge, delivered the opinion of the court.

This was a proceeding under the statute of escheats, to have a certain lot of ground in the town of Perryville, in Perry county, declared the property of the State.

The petition alleges that Bartholomew Murphy was the last person lawfully seized of said lot ; that at the time of his death he was an alien, and left no heirs at his death ; that he died about the year 1843 ; that defendant Killian claims said estate and is in possession by his tenant Grebe. There is no allegation in the petition that Murphy died without devising the lot in dispute.

6—VOL. LI.

The defendant denies all the material allegations of the petition and sets up a former adjudication which was had after the death of Murphy's wife, who was alleged to have been at that time the last person seized.   The court declared that this former adjudication, to which the present defendant Killian was a party defendant, was a bar to this suit, and gave judgment for the defendant.

I am inclined to think, from the record in this case, that the former adjudication was a bar.   But without examining this question minutely, I am of the opinion that the judgment in this case was for the right party in any aspect of the case.

The petition does not state facts sufficient to constitute a cause of action.   Ever since 1825, and perhaps before that time, an alien might hold land in this State, and dispose of the same, who had declared his intention of becoming a citizen of the United States by taking the necessary oaths, etc.   (See R. S. 1825, p. 128.)   There is no allegation in the petition that Murphy had not declared his intention to become a citizen when he received the conveyance of the lot.   Nor is there any allegation that he had not devised the lot at the time of his death (1843).   It will be observed that he took the conveyance in 1828, and at this time, if he was capable of holding the lot — and we must presume he was, in the absence of an allegation to the contrary in the petition — it could not escheat to the State unless he died intestate as to the lot.   (See R. S. 1825, p. 356.)   No such allegation is made in the petition.   Under the pleadings in this case I am satisfied the judgment was for the right party.

Judgment affirmed.   Judge Wagner concurs.   Judge Bliss absent.